[No. 3911–1–III.   Division Three.   July 28, 1981.]

MARJORIE C. CURTIS, *Appellant,* v. LEILAND E. CLARK, ET AL, *Respondents.*

*David E. Williams* and *Critchlow & Williams,* for appellant.

*Richard H. Bennett,* for respondents.

GREEN, J.—Marjorie C. Curtis was employed at the Columbia Foot Health Clinic in Richland. In April 1978, her employment was terminated. She brought this action for reinstatement and damages. She alleged the termination was because of her age and violated statutes prohibiting such discrimination. The court entered judgment against Mrs. Curtis. She appeals.

Two questions are presented: (1) Was the court correct in placing the ultimate burden of proof upon Mrs. Curtis? and if so, (2) Are the findings supported by substantial evidence? We affirm.

In November 1976, Mrs. Curtis was hired by Dr. Clark to work as a receptionist/bookkeeper in his podiatry office in Richland. Dr. Clark never employed more than two people. Mrs. Curtis worked for Dr. Clark for 18 months and during that period received three pay raises increasing her monthly salary from $510 to $700. On a Friday in April

1978, Dr. Clark took Mrs. Curtis to lunch and informed her she was terminated although he might have some part–time work for her in the future. At the time of her discharge she was 59 years old. On the following Monday, May 1, 1978, Mrs. Shannon, age 26, began employment in Dr. Clark's office. She was employed following an advertisement in the local newspaper by Dr. Clark, which read:

> Alert up–front receptionist to act as traffic manager in Richland medical office. Must be adaptable to varied duties. Preferably between 25 and 35, salary negotiable . . .

After trial, the court determined Mrs. Curtis did not have a cause of action under the discrimination statutes, RCW 49.60 and 49.44, as Dr. Clark employed less than 8 employees and, even if the statutes applied, Mrs. Curtis was terminated due to her poor work performance, and not her age. We affirm.

Mrs. Curtis contends the trial court erred in ruling the ultimate burden of proving discrimination rested upon her. She argues that once she established a prima facie case of discrimination, the ultimate burden of proof shifted to Dr. Clark to prove that her age was not the reason for her discharge. We disagree.

In *Ellingson v. Spokane Mortgage Co.*, 19 Wn. App. 48, 54–55, 573 P.2d 389 (1978), this court discussed the burden of proof in an action brought under the Law Against Discrimination, RCW 49.60. We stated:

> It is, therefore, incumbent on the plaintiff to carry the initial burden of establishing a prima facie case of discrimination . . . Once the prima facie case is shown, the burden of going forward then shifts to the employer . . . If the employer can overcome the prima facie case by showing a reasonable basis for the disparate treatment, then the burden shifts back to the plaintiff to demonstrate that the presumptively valid reasons were nonetheless a pretextual and discriminatory action.

In reaching this conclusion, our court relied upon *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 36 L. Ed. 2d 668, 93 S. Ct. 1817 (1973). This decision was recently

reaffirmed in *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 253, 67 L. Ed. 2d 207, 215, 101 S. Ct. 1089 (1981), the court noting:

> The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.

Here, the court determined Mrs. Curtis had established a prima facie case. Dr. Clark then presented evidence that Mrs. Curtis was dismissed due to unsatisfactory work performance. Mrs. Curtis had the ultimate burden to show the reasons given for termination were pretextual and discriminatory. She did not meet this burden.

█ The court entered the following finding:

> Plaintiff was not terminated by defendant because of her age but was terminated because of her work performance.

Since Mrs. Curtis did not assign error to this finding, it is a verity on appeal. *Davis v. Department of Labor & Indus.,* 94 Wn.2d 119, 615 P.2d 1279 (1980). Notwithstanding, we have reviewed the record and find substantial evidence to support this finding.

In view of our holding, we need not consider Mrs. Curtis' contention that the court erred in determining discrimination statutes did not apply because Dr. Clark employed less than eight employees.

Affirmed.

ROE, A.C.J., and MUNSON, J., concur.

Reconsideration denied August 5, 1981.

Review denied by Supreme Court October 16, 1981.