[No. 13052–8–I.   Division One.   April 23, 1984.]

TERRY HOLLINGSWORTH, *Appellant,* v. WASHINGTON MUTUAL SAVINGS BANK, *Respondent.*

*Warren & Kellogg, Mark E. Barber,* and *Bernard J. Heavey, Jr.,* for appellant.

*Foster, Pepper & Riviera, Marco J. Magnano, Jr.,* and *Michael A. Barrett,* for respondent.

*Bryan P. Harnetiaux* and *Gary N. Bloom* on behalf of Washington Trial Lawyers Association, amici curiae.

JOHNSEN, J.*—This is an appeal from a judgment of dismissal following a jury verdict rejecting claims of an

---

*Judge Oluf Johnsen is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

employee for retaliatory harassment and discharge, and for tortious outrage. Error has been assigned to evidentiary rulings by the trial court, denial of motions for a directed verdict, and denial of a motion for judgment notwithstanding the verdict or in the alternative for a new trial. We affirm.

Appellant, Terry Hollingsworth, began working for Washington Mutual Savings Bank (Bank) in 1975 as a graphic artist. By 1977, he was a supervisor of the graphics department. Hollingsworth's employment was generally uneventful until another employee was demoted in 1977 and later quit and sued the Bank for racial discrimination. Hollingsworth gave statements in this litigation in support of the employee's claim. Hollingsworth was also interviewed by bank officers in another discrimination claim.

In 1980, Hollingsworth believed he was being harassed by fellow bank employees as a consequence of his role in the previous litigation. Eventually Hollingsworth filed suit against the Bank alleging retaliatory harassment in violation of RCW 49.60 and requesting injunctive relief and damages for emotional distress. After the suit was commenced, the Bank took Hollingsworth's deposition. In response to a subpoena duces tecum, Hollingsworth produced, without objection, his personal diary and notes. This notebook covered a period of 6 months. It contained, among other things, Hollingsworth's personnel records, bank correspondence, notes he made regarding his feelings and thoughts toward the Bank and Bank personnel, and references to certain events occurring at the Bank.

Robert Comfort, a Senior Vice–President and EEOC compliance officer, reviewed the notebook. Subsequently, the parties agreed Hollingsworth should undergo a psychiatric evaluation. Hollingsworth had been on his regularly scheduled vacation and remained on leave pending the evaluation. The psychiatrist reported to the Bank that while Hollingsworth evidenced stress, compulsive behavior and hyperalertness, he did not display a mental illness that would prevent him from performing his work. Upon receiv-

ing this report, Comfort discharged Hollingsworth. The reasons listed by Comfort for Hollingsworth's discharge were "disruptive conduct and behavior on the job," supported by "Documentation on File". The "Documentation" included Hollingsworth's deposition in his lawsuit, his statement to the employee's attorney in the previous litigation, and his personal diaries and notes.

Hollingsworth's motions for a directed verdict were denied. The jury returned a special verdict finding for the Bank on each claim: retaliatory harassment, retaliatory discharge, and tortious outrage. Hollingsworth's motion for judgment notwithstanding the verdict or in the alternative for a new trial was denied.

█ Hollingsworth first assigns error to the denial of his motions for a directed verdict, contending that when the Bank admitted he was discharged because of his deposition and notebook, it committed a per se violation of RCW 49.60.

> The tests for directing a verdict and for overturning a jury verdict once rendered are essentially the same. Both motions admit the truth of the nonmoving party's evidence and all reasonable inferences drawn therefrom. *Rasor v. Retail Credit Co.,* 87 Wn.2d 516, 554 P.2d 1041 (1976). The trial court has no discretion and may grant the motion only where there is no competent evidence nor reasonable inference which would sustain a jury verdict in favor of the nonmoving party. If there is any justifiable evidence upon which reasonable minds might reach conclusions that sustain the verdict, the question is for the jury. *Rasor v. Retail Credit Co., supra; Shelby v. Keck,* 85 Wn.2d 911, 541 P.2d 365 (1975).

*Levy v. North Am. Co. for Life & Health Ins.,* 90 Wn.2d 846, 851, 586 P.2d 845 (1978).

The purpose of RCW 49.60, the Washington law against discrimination, is to protect against discrimination on the basis of race, creed, color, national origin, sex, marital status, age, or the presence of any sensory, mental or physical handicap. RCW 49.60.010. Such discrimination is a matter of State concern because it "threatens . . . the

rights and proper privileges of its inhabitants [and] menaces the institutions and foundation of a free democratic state." RCW 49.60.010. The provisions of the law against discrimination are to be liberally construed to effectuate these purposes. RCW 49.60.020.

The right to be free from discrimination includes the right to obtain and hold employment without discrimination. RCW 49.60.030(1)(a). It is also an unfair practice for an employer "to discharge, expel, or otherwise discriminate against any person because he has opposed any practices forbidden by this chapter, or because he has filed a charge, testified, or assisted in any proceeding under this chapter." RCW 49.60.210. RCW 49.60 substantially parallels the federal law against discrimination embodied in Title VII of the United States Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* Thus in construing RCW 49.60, Washington courts look to interpretation of the federal law. *Davis v. Department of Labor & Indus.,* 94 Wn.2d 119, 125, 615 P.2d 1279 (1980).

Federal case law regarding the burden and order of proof in employment discrimination cases was established in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 36 L. Ed. 2d 668, 93 S. Ct. 1817 (1973) and reiterated in *Texas Dep't of Comm'ty Affairs v. Burdine,* 450 U.S. 248, 67 L. Ed. 2d 207, 101 S. Ct. 1089 (1981). The plaintiff has the burden of proving by a preponderance of the evidence a prima facie case of discrimination. Plaintiff may prove his case by direct or circumstantial evidence. Establishing a prima facie case in effect creates a presumption that the employer unlawfully discriminated against the employee. Once established, the burden shifts to the employer to articulate a legitimate nondiscriminatory reason for the discharge. It is sufficient if the employer's evidence raises a genuine issue of fact as to whether it discriminated against the employee. To accomplish this, the employer must clearly set forth, through the introduction of admissible evidence, the reasons for the employee's discharge. If the employer carries this burden, the employee must then have

the opportunity to prove that the legitimate reasons offered were not the true reasons, but were merely a pretext for discrimination. The employee's burden to show pretext thus merges with the ultimate burden to prove discrimination by a preponderance of the evidence. The employee may do this, for example, by persuading the trier of fact that a discriminatory reason more likely motivated the employer or by showing that the employer's explanation is not credible. Washington courts have adopted this 3–step analysis. *Curtis v. Clark,* 29 Wn. App. 967, 969–70, 632 P.2d 58 (1981); *Ellingson v. Spokane Mortgage Co.,* 19 Wn. App. 48, 54–55, 573 P.2d 389 (1978).

Under this 3–step analysis Hollingsworth had to establish a prima facie case that the Bank discharged him because of his protected activity. Hollingsworth met this burden. In doing so, he established a presumption that the Bank unlawfully discriminated against him. He did not, however, establish a per se violation of RCW 49.60.210. Only if the Bank failed to come forward and articulate, through the introduction of admissible evidence, a legitimate nondiscriminatory reason for discharge would Hollingsworth be entitled to judgment as a matter of law. Hollingsworth argues that the Bank admitted it discharged him solely because of his deposition and notebook. The Bank admitted discharging Hollingsworth for misconduct uncovered in the course of discovery.[1] This, however, does not constitute an admission that the Bank discharged Hollingsworth in retaliation for participation in protected activity. If the Bank had in fact admitted that a retaliatory motive was the reason or one of several reasons for discharging Hollingsworth, then a directed verdict for Hollingsworth would have been appropriate. *Kinney v. Bauch,* 23 Wn. App. 88, 91, 596 P.2d 1074 (1979) (discharge based

---

[1]The alleged misconduct relied upon by the Bank was: (1) carrying a concealed weapon to work; (2) failing to communicate with bank officers; (3) making nonproductive notes during work hours; and (4) having a negative impact on other supervisors and employees.

to any degree on retaliatory motive violates RCW 49.60-.210); *cf. Kauffman v. Sidereal Corp.,* 695 F.2d 343, 345 (9th Cir. 1982) (must be established that engaging in the protected activity was one of the reasons for discharge *and* that the discharge would not have occurred but for the activity). Here, the Bank did not admit a retaliatory motive and countered the presumption of unlawful discharge with a legitimate nondiscriminatory reason, *i.e.,* misconduct. Hollingsworth further contended that the alleged misconduct was merely a pretext for discharge. Whether Hollingsworth's or the Bank's version was the more credible was a question of fact for the jury.

We note that recently the United States Supreme Court has narrowed the applicability of this 3–step *McDonnell Douglas–Burdine* analysis. *United States Postal Serv. Bd. of Governors v. Aikens,* 460 U.S. 711, 75 L. Ed. 2d 403, 103 S. Ct. 1478 (1983). Where a case has been fully tried on the merits, framing the issue in terms of whether the parties met one of the steps of analysis unnecessarily evades the ultimate question of discrimination. *See Aikens,* at 713–14. The ultimate issue of discrimination is to be treated by courts in the same manner as any other issue of fact. *Aikens,* at 715–16. *Accord, Williams v. Southwestern Bell Tel. Co.,* 718 F.2d 715, 718 (5th Cir. 1983) and *Elliott v. Group Med. & Surgical Serv.,* 714 F.2d 556 (5th Cir. 1983). The trial court did not err in denying Hollingsworth's motions for a directed verdict.

Hollingsworth also assigns error to the trial court's ruling that his diary and notes were admissible as evidence. He contends that this evidence was inadmissible on several grounds, the first ground being that the evidence was not relevant. Evidence is relevant if it tends to make existence of a material fact more or less probable. ER 401. Once Hollingsworth established a prima facie case of unlawful discharge, the Bank had to come forward with evidence of a legitimate nondiscriminatory reason. The contents of the diaries and notes that showed Hollingsworth's alleged misconduct were relevant because they tended to make the

existence of a legitimate reason for discharge more probable.

■ Hollingsworth next contends that the evidence was hearsay. The trial court admitted the evidence on the ground that it was not offered for the truth of the matters therein, but to show it had been reviewed by Comfort and constituted a factual basis for the decision to discharge. Evidence of out–of–court statements may be pertinent to prove the mental or emotional state of the person who heard or read them. For this purpose, the evidence is not hearsay. 5A K. Tegland, Wash. Prac., *Evidence* § 336, at 122–23 (2d ed. 1982). The statement is not introduced to prove its truth, but to support an inference concerning its effect on the hearer/reader regardless of its truth. 5A K. Tegland, *supra; State v. Haga,* 13 Wn. App. 630, 637, 536 P.2d 648 (1975), *cert. denied,* 425 U.S. 959 (1976); *see Brown v. Coca–Cola Bottling, Inc.,* 54 Wn.2d 665, 667–68, 344 P.2d 207 (1959).[2] Evidence of Hollingsworth's out–of–court statements contained in the diary and notes was admissible to show the bank officer's state of mind and support an inference concerning their effect on him. As such, the evidence was not hearsay. The truth of the content of the document was not an issue.

Hollingsworth also contends that the Bank did not lay a proper foundation for admission of the evidence. A witness may not testify to a matter unless it is established that he has personal knowledge of the facts. ER 602. Stated negatively, the rule bars testimony which purports to relate to facts, but which is based only on the reports of others. 5 K. Tegland, Wash. Prac. § 217, at 447 (2d ed. 1982). The bank officer did not have personal knowledge of the truth of the contents of the documents. However, since the documents were introduced to establish the bank officer's familiarity

---

[2]ER 803(a)(3), the state of mind exception to the hearsay rule, is concerned only with the declarant's state of mind and is thus inapplicable. 5A K. Tegland § 336, at 10 n.20.1 (2d ed. Supp. 1983). *But cf. State v. Jessup,* 31 Wn. App. 304, 314, 641 P.2d 1185 (1982).

with their content, and Comfort testified he had read all the documents, Hollingsworth's objection for lack of personal knowledge was properly denied. The jury was twice instructed during the trial as to the limited use of the evidence. In light of these instructions and the trial court's discretion to control the scope of argument, any remarks of the Bank during closing argument implying that the material in the documents was true were harmless.

Finally, Hollingsworth asserts that the Bank should be prohibited from using any evidence uncovered through discovery to support the discharge. He contends that since the evidence was procured through a civil rights lawsuit it was privileged, and that allowing the Bank to use evidence of Hollingsworth's feelings and thoughts about the Bank violated his civil rights. The employer's intent at the time of the challenged act, *i.e.*, discharge, is the critical inquiry. The legitimate nondiscriminatory reasons cannot be based upon facts not known to the employer at the time of the challenged act. *See Nanty v. Barrows Co.*, 660 F.2d 1327, 1332 (9th Cir. 1981); *Mantolete v. Bolger*, 96 F.R.D. 179, 182 (D. Ariz. 1982). Facts unknown at the time of the challenged act do not make the alleged unlawful practice more or less probable and are completely irrelevant. Thus, an employer may not articulate reasons for discharge that are based on evidence uncovered through discovery or in any other manner to justify a prior discharge. Here, the Bank uncovered Hollingsworth's alleged misconduct *after* the retaliatory harassment claim was filed, but before the complaint was amended to add retaliatory discharge. Thus, the articulated reason for the discharge, Hollingsworth's misconduct, was based upon information known to the Bank at the time of discharge. Contrary to Hollingsworth's assertion, the Bank did not attempt to justify Hollingsworth's discharge by "after the fact" reasons.

Hollingsworth relies primarily upon *Pettway v. American Cast Iron Pipe Co.*, 411 F.2d 998 (5th Cir. 1969). Section 704(a) of Title VII protects an employee from discharge for filing complaints and registering grievances through appro-

priate channels. This is because the purpose of section 704(a) is to protect an employee who utilizes the tools provided to protect his rights. *Pettway,* at 1005. Thus, in *Pettway,* where an employee sent a letter alleging discrimination to the EEOC, the employer could not unilaterally determine the truth or falsity of the charges and take independent action. Employers, however, have been allowed to discharge an employee for misconduct unrelated to a complaint by the employee that discriminatory practices exist. *See, e.g., Hochstadt v. Worcester Found. for Experimental Biology,* 545 F.2d 222 (1st Cir. 1976). An employee's conduct in gathering evidence to support his claim may be so excessive as to no longer be protected activity. *Hochstadt, supra; see Payne v. McLemore's Wholesale & Retail Stores,* 654 F.2d 1130, 1143–44 (5th Cir. 1981).[3]

A case that is more analogous to the present case is *St. John v. Employment Dev. Dep't,* 642 F.2d 273 (9th Cir. 1981). In *St. John,* the employer transferred an employee to another job of the same pay and status following her filing of a complaint with the EEOC. The trial court found that the employer's act constituted retaliation since the sole articulated reason for the transfer was an alleged conflict of interest. On appeal, the court held that the trial court's refusal to reinstate the employee because of misconduct was proper. The misconduct was unknown at the time of the transfer but was known at the time of the refusal to reinstate. The court noted that had the employer been aware of the employee's misconduct, it could have transferred her. In so holding, the court specifically rejected, without discussion, the employee's argument that evidence of her misconduct was privileged and could not be used as a basis for refusal to reinstate. *St. John,* at 275.

Hollingsworth cites no statutory or case authority establishing that materials uncovered in discovery during litigation of a civil rights claim are privileged. However, the

---

[3]Some cases have drawn distinctions as to the applicable test between the participation clause and the opposition clause. *See, e.g., Payne,* at 1139.

policy concerns raised by Hollingsworth and amici curiae are legitimate and certainly require some limits on an employer's ability to discover and utilize certain kinds of materials. Their concerns are particularly heightened when, as here, the materials involve very personal matters and expressions such as diaries. Because Hollingsworth did not object to producing his notebook and diary, there has been no showing that the rules of discovery do not provide an adequate limitation. *See* CR 26(c).

In addition, Hollingsworth's and amici curiae's concern about an employer's using an employee's uncommunicated thoughts and feelings as a reason to discharge are worthy of consideration, but unless those thoughts and feelings are used in *retaliation* for activity protected under RCW 49.60, there is no unlawful discharge.[4] The jury here found by a special verdict no unlawful discharge.

The trial court did not err in denying Hollingsworth's motion to exclude the evidence or his motion for judgment notwithstanding the verdict or in the alternative for a new trial. We need not decide the issue presented by the cross appeal.

The judgment is affirmed.

CORBETT, A.C.J., and CALLOW, J., concur.

Reconsideration denied August 20, 1984.

Review denied by Supreme Court December 19, 1984.

---

[4]We note that the Supreme Court has accepted review in Thompson v. St. Regis Paper Company, cause 49592–I, argued January 18, 1984, to address the question whether an "at will" employee has a cause of action for malicious termination of employment.