[No. 16062–1–I.   Division One.   June 23, 1986.]

EDWARD R. SELBERG, ET AL, *Appellants,* v. UNITED PACIFIC INSURANCE COMPANY, *Respondent.*

*Kelby D. Fletcher* and *Peterson, Bracelin, Young, Putra & Fletcher, Inc., P.S.*, for appellants.

*David Hiscock* and *Keller, Rohrback, Waldo, Hiscock, Butterworth & Fardal* (*Steve Gillman, Kalvin Grove,* and *Fox & Grove,* of counsel), for respondent.

SCHOLFIELD, C.J.—Edward R. Selberg appeals from the trial court's grant of summary judgment dismissing his claim of retaliatory discharge. We reverse.

## FACTS

This action arose after Selberg filed an age discrimination claim under RCW 49.60 against his employer, United Pacific Insurance Company, in 1983. He alleged that the president of the company, Louis Mackie, passed him over for a promotion in favor of a younger employee. After initiating the discrimination suit, Selberg began to remove and copy documents from Mackie's "reader file" that allegedly supported his allegations of the discriminatory practices engaged in by Mackie. The reader file was a chronological accumulation of reports, letters and memorandums prepared by Mackie during the calendar year. A similar file was maintained by each executive at United Pacific including Selberg, who was a senior vice–president for the company.

There is some dispute as to the degree of access that Selberg had to Mackie's reader file, which was kept by Mackie's secretary in an unlocked desk drawer. Selberg admits having had no express permission to use the file, but

claims that it was common for United Pacific's executives to refer to one another's reader files. Mackie, on the other hand, characterizes the file as private.

After Selberg's answers to United Pacific's discovery request in the discrimination suit identified various company documents seen and copied by Selberg from Mackie's reader file, Mackie questioned him about where he had obtained the documents. Selberg refused to answer Mackie's questions or to otherwise discuss the matter, and Mackie fired him for insubordination and for taking the documents without authorization. Mackie stated that removing documents from his private files was not the kind of conduct that he would expect from a senior officer of the company and that he felt he could no longer trust Selberg.

Selberg amended his original discrimination complaint and included a claim for retaliatory discharge under RCW 49.60.210. United Pacific moved for summary judgment to dismiss the claim on the ground that Selberg's conduct was not protected by the statute and maintained that he was terminated for legitimate nondiscriminatory reasons. The trial court granted the motion and denied Selberg's motion for reconsideration. Trial on the age discrimination claim has been stayed pending this appeal.

## Retaliatory Discharge

Selberg contends that the circumstances of this case raise issues of reasonableness, credibility, motive and intent, which cannot be decided on summary judgment. We agree.

■■ Discrimination by an employer on the basis of age is unlawful. RCW 49.60.180. Likewise, it is unlawful to discharge an employee in retaliation "because he or she has opposed" discriminatory practices or "has filed a charge, testified, or assisted in any proceeding" against his employer for discriminatory practices. RCW 49.60.210. The provisions of the law against discrimination are to be liberally construed. RCW 49.60.020. Thus, regardless of other factors possibly justifying dismissal, an employer's action against an employee which is motivated to "any degree" by

retaliatory influences against the employee for participation in protected activities is violative of the statute. *Kinney v. Bauch,* 23 Wn. App. 88, 91–92, 596 P.2d 1074 (1979). Since the Washington anti–discrimination law substantially parallels Title 7 of the United States Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* Washington courts look to interpretations of the federal law when construing RCW 49.60. *Hollingsworth v. Washington Mut. Sav. Bank,* 37 Wn. App. 386, 390, 681 P.2d 845 (1984).

To establish a prima facie case of retaliatory discharge, the employee must show that he was engaged in "protected" opposition activity under the statute. *EEOC v. Crown Zellerbach Corp.,* 720 F.2d 1008, 1012 (9th Cir. 1983). Even though opposition to an unlawful employment practice is generally protected, such protection is not absolute. *Rosser v. Laborers' Int'l Local 438,* 616 F.2d 221, 223 (5th Cir.), *cert. denied,* 449 U.S. 886 (1980). When the employee's conduct in protest of an unlawful employment practice so interferes with his job performance that it renders him ineffectual in the position for which he was employed, such conduct is not protected by the statute. Thus, an employee's conduct in gathering evidence to support his claim may be "so excessive" as to no longer be protected activity, and may afford an independent nondiscriminatory basis for dismissal. *Hollingsworth v. Washington Mut. Sav. Bank, supra* at 395 (citing *Hochstadt v. Worcester Found. for Experimental Biology,* 545 F.2d 222, 232 (1st Cir. 1976)). In making this determination, the court must balance the setting in which the activity arose and the interest and motivations of both employer and employee. *Hochstadt v. Worcester Found. for Experimental Biology, supra.*

United Pacific relies on *Hochstadt,* which might appear to support Selberg's dismissal solely on the ground of disloyalty to his employer. However, the employee in *Hochstadt* had a long record of aggressive and questionable conduct related to her "affirmative action" advocacy. *Hochstadt,* at 227–28. The actual basis for the court's decision

there was not disloyalty, but rather the employee's resulting poor work performance and the adverse impact of her activities on the morale of other employees. *EEOC v. Crown Zellerbach Corp., supra* at 1014. Consequently, cases following *Hochstadt* have stressed interference with job performance in determining whether opposition conduct was "'unreasonable'" and provided a legitimate basis for discharge. *See EEOC v. Crown Zellerbach Corp., supra* at 1015. Indeed, as the court in *Crown Zellerbach* observed:

> Almost every form of "opposition to an unlawful employment practice" is in some sense "disloyal" . . . If discharge or other disciplinary sanctions may be imposed based simply on "disloyal" conduct, it is difficult to see what opposition would remain protected . . .

*Crown Zellerbach,* at 1014.

In the case at bar, United Pacific maintains that inherent in the effectiveness of Selberg's position was a close working relationship with Mackie. United Pacific argues that Selberg's "pilfering of Mackie's personal files and subsequent insubordinate refusal to discuss the matter" so impaired his ability to function in his position as to render him unfit to continue his employment as vice–president. (Footnote omitted.) Brief of Respondent, at 6–7. There is no evidence, however, that Selberg's work performance was in any way inadequate or had diminished, that his "opposition activities" were disruptive or detrimental to employee morale, or that he had become ineffective as a company vice–president, save Mackie's subjective opinion. In summary, proof of disloyalty is insufficient by itself to serve as an independent, nondiscriminatory basis for Selberg's dismissal, and there is no objective evidence to support a conclusion that his conduct was "so excessive" as to interfere with his job performance. *Hollingsworth,* at 395.

█ Moreover, Mackie's credibility on this key issue is subject to challenge, given the fact that Selberg's age discrimination suit was a direct criticism of his employment practices. It would strain credulity to conclude that the reader file incident, independent of the discrimination suit,

so damaged Selberg's working relationship with Mackie as to render him ineffectual, and thus warrant his dismissal. Genuine issues of credibility should not be decided by the court on summary judgment. *Balise v. Underwood,* 62 Wn.2d 195, 200, 381 P.2d 966 (1963).

Likewise, summary judgment is inappropriate "if the record shows any reasonable hypothesis which entitles the nonmoving party to relief." *Mostrom v. Pettibon,* 25 Wn. App. 158, 162, 607 P.2d 864 (1980). Here, a reasonable inference could be drawn that Mackie was angered by Selberg's discrimination suit and used the reader file incident as a pretext to dismiss him. So long as more than one inference can be drawn from the evidence, we cannot say as a matter of law that the employer's action was not motivated in "any degree" by retaliatory influences. Therefore, summary judgment was not proper. *Kinney v. Bauch, supra* at 91.

Accordingly, the trial court's order dismissing Selberg's retaliatory discharge claim is reversed and Selberg is free to include that claim in his age discrimination lawsuit.

SWANSON, J., and JOHNSEN, J. Pro Tem., concur.

Reconsideration denied September 4, 1986.

Review denied by Supreme Court December 2, 1986.