[No. 24184–2–I. Division One. November 19, 1990.]

IRENE ALLISON, *Respondent,* v. THE HOUSING
AUTHORITY OF THE CITY OF SEATTLE,
WASHINGTON, *Appellant.*

*Rebekah R. Ross* and *Williams, Kastner & Gibbs,* for
appellant.

*Judith A. Lonnquist* and *Marilyn J. Endriss,* for
respondent.

WINSOR, J.—The Housing Authority of the City of
Seattle (SHA) appeals a judgment entered against it on
Irene Allison's RCW 49.60 age discrimination/retaliation
claims. SHA alleges instructional error and contends the

trial court erred in denying its motion for judgment notwithstanding the verdict (n.o.v.). We reverse and remand for a new trial.

SHA employed Allison as a property rehabilitation specialist from January 1983 until October 1986, when SHA terminated Allison as part of a reduction in force necessitated by a loss of funding. Allison was the first rehabilitation specialist to be terminated, allegedly because her performance evaluation scores and production statistics were lower than those of SHA's other specialists.

When terminated, Allison was 64 years old and was actively pursuing an age discrimination suit against SHA. Allison's suit concerned SHA's allegedly discriminatory denial of her 1984 application for promotion to a senior property rehabilitation specialist position, and its refusal to award her any merit increases after 1983. After termination, Allison amended her complaint to additionally allege discriminatory and/or retaliatory layoff.

The case was tried before a jury. The jury made special verdict responses that SHA did not discriminate when it refused to promote Allison or award her merit pay increases, but that SHA selected Allison for layoff in 1986 due to discrimination based on age and/or in retaliation for her having made discrimination complaints. The jury awarded Allison $50,000 in damages. SHA moved for a judgment n.o.v.; its motion was denied.

I

SHA assigns error to instruction 10, which provides that with respect to Allison's retaliation claims, Allison had the burden of proving that

the plaintiff's filing a lawsuit or filing claims with the EEOC was *a proximate cause* of the defendant's employment action adverse to the plaintiff.

In order for you to find for the plaintiff, you must find from a preponderance of all the evidence that the *defendant's* employment actions adverse to the plaintiff were motivated *to any degree* by retaliation.

(Italics ours.) SHA argues that the "to any degree" language in instruction 10 misstates the law and is misleading. Alternatively, SHA argues that if the instruction's challenged language is a correct statement of the law, the law should be changed.

Instruction 10 is based upon *Kinney v. Bauch,* 23 Wn. App. 88, 596 P.2d 1074, *review denied,* 92 Wn.2d 1032 (1979), in which we said:

> An employer motivated in part by retaliatory influences who discharges an employee engaged in protected activity violates the . . . civil rights statutes. That such retaliatory motivation may not be the principal reason for terminating an employee is immaterial, for *any degree of retaliation works contrary to these laws.*

(Italics ours.) 23 Wn. App. at 91; *accord, Selberg v. United Pac. Ins. Co.,* 45 Wn. App. 469, 471–72, 726 P.2d 468, *review denied,* 107 Wn.2d 1017 (1986); *Hollingsworth v. Washington Mut. Sav. Bank,* 37 Wn. App. 386, 391–92, 681 P.2d 845, *review denied,* 103 Wn.2d 1007 (1984). *Kinney* is based on a federal case, *Hochstadt v. Worcester Found. for Experimental Biology, Inc.,* 425 F. Supp. 318 (D. Mass.), *aff'd,* 545 F.2d 222 (1st Cir. 1976), in which the court rejected the proposition that a plaintiff could prevail on a retaliation claim only if opposition to an employment practice was the "principal reason" for his or her discharge. The *Hochstadt* court emphasized that Title VII of the United States Civil Rights Act of 1964

> tolerates no racial discrimination, subtle or otherwise." [*McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 801, 36 L. Ed. 2d 668, 93 S. Ct. 1817 (1973).] Similarly, Title VII tolerates no discrimination for participation in protected activities. Thus, if it is shown that retaliatory discrimination on the part of the employer contributed among other reasons to cause the discharge, there is a violation of the statute.

425 F. Supp. at 324, *quoted in Kinney,* 23 Wn. App. at 92.

Federal courts generally agree that in order to prove a prima facie case of retaliation under Title VII and the federal age discrimination in employment act, the plaintiff must establish that (1) she engaged in a statutorily protected activity, (2) an adverse employment action occurred, and (3) there was a causal link between the protected

activity and the adverse employment action. *E.g., Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985); *Smalley v. Eatonville,* 640 F.2d 765, 769 (5th Cir. 1981).[1] Federal courts disagree, however, as to what constitutes the requisite "causal link." As one commentator observes, the burden

> ranges from that most easily proved in *Hochstadt* [*i.e.,* that retaliatory motives merely contributed among other reasons to impel the employer's action against plaintiff] to the "principal, but not sole reason" burden of *Tidwell* [*v. American Oil Co.,* 332 F. Supp. 424 (D. Utah 1971)] to a "but for" burden, where the plaintiff must prove that the adverse action would not have occurred had there been no protected activity.

(Footnotes omitted.) 3 A. & L. Larson, *Employment Discrimination* § 87.32, at 17–125 to 17–126 (1989). We are now asked to reexamine *Kinney* in light of this unsettled federal law.

We find it significant that in the context of cases involving alleged employer retaliation for an employee's participation in constitutionally protected activities, the Supreme Court has rejected the "contributed among other reasons" or "any factor" approach. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 50 L. Ed. 2d 471, 97 S. Ct. 568 (1977). The Court reasoned:

> A rule of causation which focuses solely on whether protected conduct played a part, "substantial" or otherwise, in [an employment decision], could place an employee in a better position as a result of the exercise of constitutionally protected conduct than he would have occupied had he done nothing. The difficulty with [either of these standards] is that it would require reinstatement in cases where a dramatic and perhaps abrasive incident is inevitably on the minds of those responsible for the [employment decision], and does indeed play a part in that decision—even if the same decision would have been

---

[1] If a plaintiff establishes these three elements of a prima facie retaliation case, then the approach adopted in *McDonnell Douglas,* 411 U.S. at 802–05, and *Texas Dep't of Comm'ty Affairs v. Burdine,* 450 U.S. 248, 252–56, 67 L. Ed. 2d 207, 101 S. Ct. 1089 (1981), is usually applied. *E.g., Ross,* 759 F.2d at 365. Under that approach, the defendant may attempt to rebut the prima facie case by coming forward with evidence of a legitimate reason for the adverse employment decision. The plaintiff then can attempt to prove that the employer's offered reason is pretextual.

reached had the incident not occurred. The constitutional principle at stake is sufficiently vindicated if such an employee is placed in no worse a position than if he had not engaged in the conduct.

429 U.S. at 285–86.

We find this reasoning persuasive and conclude that it applies with equal force to statutory prohibitions against retaliatory acts. We therefore hold that the requisite "causal link" must be shown by proof that the employee would not have been discharged "but for" his or her participation in protected conduct, *i.e.,* the employer would not have made the same decision in the absence of the employee's participation in the protected activity.

This decision brings Washington law governing proof of causation in retaliation claims into conformity with its law governing proof of causation in discrimination claims. *See Hatfield v. Columbia Fed. Sav. Bank,* 57 Wn. App. 876, 882, 790 P.2d 1258 (1990); *Stork v. International Bazaar, Inc.,* 54 Wn. App. 274, 285, 774 P.2d 22 (1989). Such conformity is desirable, as we can discern no logical reason for imposing different standards of causation in discrimination and retaliation cases.[2] We also note that use of the "but for" standard is consistent with the language of Washington's anti–retaliation statute, RCW 49.60.210, which prohibits employers from making an adverse employment decision "*because* [the employee] opposed any practices forbidden by [RCW 49.60]". (Italics ours.) Finally, we support our decision to abandon the "to any degree" standard of causation on the basis that the standard is overly broad.

---

[2]On this point, *Ross* is instructive. The *Ross* court explained:

Congress has not expressed a stronger preference for preventing retaliation . . . than for preventing actual discrimination . . .. The prohibition on retaliation exists simply to ensure that employees will not fear to assert their substantive rights, which are the heart of Title VII. . . . In the absence of strong contrary policy considerations, conformity between the provisions of Title VII is to be preferred.

759 F.2d at 366. The same analysis applies to the anti–discrimination and anti–retaliation provisions of RCW 49.60.180 and RCW 49.60.210.

As one commentator explained in the context of discrimination claims:

> EEOC early took the rather lonely position that, where age is a partial factor, age discrimination may not be "any element" of the disputed employment decision. Despite the concerns associated with the "determining factor" rule, that approach would be grossly overreaching and would result in lawsuits with totally academic findings of discrimination: no remedies could rightfully be awarded because there would be no showing that the plaintiff had been affected in any way by the employer's discriminatory thoughts. Perhaps because of this, the EEOC abandoned that position when it issued its final interpretations.

(Footnote omitted.) 3A A. & L. Larson, *Employment Discrimination* § 100.21, at 21–117 to 21–118 (1989).[3] Instruction 10 did include a proximate cause requirement, which by itself nearly satisfied the causation standard we have adopted.[4] However, the instruction also contained the "to any degree" language that we have rejected. Inclusion of this language may well have confused the jury and affected the verdict, which is based on thin, although sufficient evidence. We therefore reverse the judgment and remand for trial only on the issue of liability for layoff. If Allison prevails on liability, the damages will stand as determined.

The remainder of this opinion has no precedential value. Therefore, it will not be published, but has been filed for public record. *See* RCW 2.06.040; CAR 14.

FORREST and BAKER, JJ., concur.

After modification, further reconsideration denied January 17, 1991.

Review granted at 116 Wn.2d 1022 (1991).

---

[3] A "to any appreciable degree" standard could be useful as a guide for a trial judge in deciding whether the evidence is sufficient to permit a case to go to the jury.

[4] We believe the proper instruction would use simply the "but for" concept. The concept of *legal* causation contained in proximate cause is irrelevant here; only cause in fact applies.