[No. 14602-9-II.    Division Two.    January 29, 1992.]

STEVEN A. HIATT, *Appellant*, v. WALKER CHEVROLET
COMPANY, *Respondent*.

*Thomas E. Jacobs* and *Jacobs & Jacobs,* for appellant.

*Jack W. Maichel, Timothy R. Gosselin,* and *Burgess, Fitzer Leighton & Phillips, P.S.,* for respondent.

PETRICH, C.J. — Steven Hiatt appeals from a summary judgment of dismissal on his claim against Walker Chevrolet (Walker) for damages for religious discrimination. At issue is whether Hiatt established a prima facie case of religious discrimination[1] by showing that Walker discharged him shortly after he expressed his refusal to participate in and act as a facilitator in a motivational program designed to increase the profitability of Walker's business after discovering that the program offended his Christian beliefs. We are satisfied that Hiatt established a prima facie case of discrimination and we reverse.

Steven Hiatt worked for Walker Chevrolet for 9½ years when Walker fired him on February 22, 1984. The last 6 years he was Walker's new car and truck sales manager. Ole Wickham and Dave Shaw are Walker's coowners. In November 1983, Hiatt became a "new Christian". In December 1983, Hiatt learned of a motivational program offered by the Pacific Institute entitled "New Age Thinking to Increase Dealer Profitability". Hiatt discussed the program with the owners and managers at Walker. Walker then pur-

---

[1]*RCW 49.60.180* provides:
"It is an unfair practice for any employer:
". . . .
"(2) [t]o discharge or bar any person from employment because of age, sex, marital status, race, creed, color, national origin, or the presence of any sensory, mental, or physical handicap."

chased the program for $22,165. Hiatt described the program as "the neatest thing since peanut butter".

In February 1984, Hiatt and his wife went to Oklahoma for facilitator training as the first step in carrying out the program at Walker. After attending 3½ days of the 5-day program, Hiatt walked out because he then realized that the program's teachings conflicted with his religious beliefs. He then left for California where he was to attend a General Motors training course. He called Walker's owners from California and informed them that he left the program because it offended his religious beliefs. Walker eventually negotiated with Pacific Institute for the return of all but $5,000 of its money on the condition that it reenroll at a later date.

Upon returning to Tacoma, Hiatt requested a week off because he was upset about the Pacific Institute program. Wickham granted his request, feeling he had no other choice. During that week, however, Wickham fired Hiatt, informing him that he had taken too much time off lately. Wickham claims he told Hiatt, "Here it is February 22, 1984 and the program outlined by you in January is not happening and therefore I am terminating your employment." Wickham gives several reasons for firing Hiatt: attitude problems, time away from the job, improper supervision when training sales people, an ultimatum rather than a request for the week off, the failure to carry out his action plans, purchasing and then rejecting the Pacific Institute program, and showing disrespect to his superiors.

■■ We review a summary judgment de novo and make the same inquiry as the trial court; summary judgment is appropriate when the pleadings, depositions, and admissions on file, together with the affidavits, if any, show there is no genuine issue about any material fact and after assuming facts most favorable to the nonmoving party, the court concludes that the moving party is entitled to judgment as a matter of law. *Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982). Once the moving party has

shown entitlement to summary judgment, the burden shifts to the nonmoving party to establish an issue of fact. However, if the moving party has failed in its burden to establish entitlement to judgment as a matter of law, summary judgment is denied, even if the nonmovant has not submitted evidence to the contrary. *Graves v. P.J. Taggares Co.*, 94 Wn.2d 298, 302, 616 P.2d 1223 (1980).

■ RCW 49.60.180 makes it an unfair employment practice to discharge an employee because of his or her religious beliefs. Washington's Law Against Discrimination, RCW 49.60, is liberally construed. RCW 49.60.020; *Bulaich v. AT&T Information Sys.*, 113 Wn.2d 254, 258, 778 P.2d 1031 (1989). To establish a case of employment discrimination, the plaintiff has the burden of proving by a preponderance of the evidence a prima facie case of discrimination. *Bulaich*, at 258 (citing *Hollingsworth v. Washington Mut. Sav. Bank*, 37 Wn. App. 386, 390, 681 P.2d 845, *review denied*, 103 Wn.2d 1007 (1984)). Once he shows a prima facie case, a presumption arises that the employer unlawfully discriminated. *Bulaich*, at 259. The burden then shifts to the employer to produce evidence of a legitimate, nondiscriminatory reason for the discharge. *Bulaich*, at 259. To do this, the employer must clearly set forth, through the introduction of admissible evidence, the reasons for the employee's discharge. *Hollingsworth*, at 390. The plaintiff must then show that the reasons given by the employer are a mere pretext for discrimination. *Bulaich*, at 259; *Hollingsworth*, at 391.

■■ Washington courts have not addressed the question of what constitutes a prima facie case of religious discrimination. Nonetheless, in construing RCW 49.60, the courts have looked to interpretation of the federal law against discrimination, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*[2] *Reese v. Sears, Roebuck & Co.*, 107 Wn.2d 563, 575, 731 P.2d 497 (1987), *overruled on other*

---

[2]Because Title VII does not contain a provision that requires a liberal construction, we are not bound by federal law. *Allison v. Housing Auth.*, 118 Wn.2d 79, 821 P.2d 34 (1991).

*grounds in Phillips v. Seattle*, 111 Wn.2d 903, 766 P.2d 1099 (1989). Cases interpreting federal law hold that, in order to establish a prima facie case of religious discrimination, a plaintiff must plead and prove (1) that he has a bona fide religious belief, (2) that he has informed his employer of that belief and that it conflicts with his responsibilities as an employee, and (3) that his employer discharged him because of his observance of that belief. *EEOC v. Hacienda Hotel*, 881 F.2d 1504, 1512-14 (9th Cir. 1989); *Proctor v. Consolidated Freightways Corp.*, 795 F.2d 1472, 1475 (9th Cir. 1986); *Johnson v. Angelica Uniform Group, Inc.*, 762 F.2d 671, 673 (8th Cir. 1985). To make out a prima facie case for purposes of avoiding summary judgment, the plaintiff must set forth evidence on each element that raises genuine issues of fact for the factfinder. *LaMon v. Butler*, 112 Wn.2d 193, 200, 770 P.2d 1027, *cert. denied*, 493 U.S. 814 (1989).

Walker concedes, for the purposes of the summary judgment, that Hiatt had a bona fide religious belief, that this belief conflicted with his employment, and that Hiatt informed Walker of that belief before Walker fired him.[3] The only question is whether Walker discharged Hiatt because of his observance of that belief.

Considering the facts and inferences therefrom in a light most favorable to Hiatt, the evidence suggests that Hiatt's discharge, which followed so closely to his refusal to participate in the new sales program as a key facilitator, resulted because of the conflict with his religious beliefs. There is evidence that Hiatt was a valued employee who worked tirelessly for Walker and added to the success of Walker's business. While Walker contends otherwise, the issue cannot be resolved by summary judgment.[4]

---

[3]Brief of respondent, at 13-14.

[4]Walker asserts that, because only circumstantial evidence supports Hiatt's claim, we must consider an alternative reasonable inference from the facts. However, the authority Walker relies upon and its supporting authority involve reviews of the sufficiency of the evidence and are not reviews from summary judgment. *See Grobe v. Valley Garbage Serv., Inc.*, 87 Wn.2d 217, 225, 551 P.2d 748 (1976); *Schmidt v. Pioneer United Dairies*, 60 Wn.2d 271, 276, 373 P.2d 764 (1962).

Walker argues that Hiatt's claim fails because Hiatt failed to establish that attendance at the Pacific Institute was an employment requirement and that Hiatt failed to establish that he notified Walker of his religious conflict before he left the Pacific Institute's session, thus denying Walker an opportunity to accommodate Hiatt's religious beliefs. These arguments are unconvincing. Walker's argument ignores the significance of the motivational program for Walker's employees. The decision to send Hiatt to the sessions in Oklahoma involved much more than attendance at these training sessions. Walker designated Hiatt to be a facilitator who would teach and implement the program at Walker. It is a fair inference that Hiatt's religious convictions interfered with Walker's plan to adopt the program and, therefore, Walker fired Hiatt because of that interference without attempting to accommodate his religious convictions.

Walker also argues that Hiatt failed to show that his discharge resulted from his refusal to attend the Institute and not for other legitimate business-related reasons. As stated above, there is a material question of fact about the reasons Walker terminated Hiatt, which cannot be resolved by summary judgment.

Once Hiatt met his burden of establishing a prima facie case, the burden shifted to Walker to articulate a legitimate, nondiscriminatory reason for discharge. *See Grimwood v. University of Puget Sound, Inc.*, 110 Wn.2d 355, 363-64, 753 P.2d 517 (1988); *Jones v. Kitsap Cy. Sanitary Landfill, Inc.*, 60 Wn. App. 369, 371-73, 803 P.2d 841 (1991). Left unresolved is whether Walker can set forth evidence supporting its discharge reasons and, if so, whether Hiatt can show that those reasons were a pretext for discrimination. Such determinations are inappropriate for summary judgment. *Selberg v. United Pac. Ins. Co.*, 45 Wn. App. 469, 726 P.2d 468, *review denied*, 107 Wn.2d 1017 (1986).

Judgment reversed.

ALEXANDER, J., and WORSWICK, J. Pro Tem., concur.

Review granted at 119 Wn.2d 1001 (1992).