[No. 59062-1.   En Banc.   October 8, 1992.]

STEVEN A. HIATT, *Respondent*, v. WALKER CHEVROLET COMPANY, *Petitioner.*

*Burgess, Fitzer, Leighton & Phillips, P.S.,* by *Timothy R. Gosselin* and *John T. Kugler,* for petitioner.

*Jacobs & Jacobs,* by *Tom Jacobs,* for respondent.

ANDERSEN, J. —

## FACTS OF CASE

The employer in this religious discrimination case seeks review of a Court of Appeals decision reversing the trial court's summary judgment of dismissal. The Court of Appeals held that the employee, Steven A. Hiatt, had presented a prima facie case of discrimination against his employer, Walker Chevrolet Company of Tacoma, Washington, and that disputed issues of fact precluded summary judgment. We reverse the Court of Appeals and reinstate the summary judgment of dismissal.

Respondent Steven A. Hiatt worked for petitioner Walker Chevrolet, first as a car salesman and then as manager of

new car and truck sales, for 9 years. He was fired in February 1984.

He claims the reason for his discharge was a conflict between his new found religious beliefs and the requirements of his job.

In November 1983, Mr. Hiatt became what he refers to as a "new Christian". He did not advise his employer or co-workers of his new religious beliefs at that time.

In December 1983, Mr. Hiatt learned of a new age motivational program designed to help car dealers increase sales and profits. He was enthusiastic about the program, entitled "New Age Thinking to Increase Dealer Profitability", and told Walker Chevrolet about it. Walker Chevrolet subsequently purchased the program for the sum of $22,165.

The program plan anticipated that a number of Walker Chevrolet employees would attend training courses and would then return to train other employees and help implement the program.

Mr. Hiatt was the first employee of Walker Chevrolet to attend a training course. The 5-day course was held in February 1984 in Oklahoma City.

Initially, Mr. Hiatt thought the new age motivational program was "the neatest thing since peanut butter", as he described it. On the fourth day of the 5-day course, however, he became concerned about the approach and teaching of the program. It appeared to him that the program was anti-Christian and he became convinced that it conflicted with his Christian beliefs. He left the seminar about noon on that fourth day.

Mr. Hiatt was scheduled to attend a business meeting in California immediately following the new age training course. He continued on to that meeting before notifying Walker Chevrolet that he had left the training course prior to its completion. He called Walker Chevrolet from California and explained that he believed the motivational program was anti-Christian and, for that reason, he could not

participate in it. He asked Walker Chevrolet to return the remaining program materials and cancel participation in the program. Walker Chevrolet initially complied with that request. At first the sponsor of the program refused to let Walker Chevrolet out of its contract. However, it finally agreed to refund all but $5,000 of the purchase price, if Walker Chevrolet would commit to using the course in the future.

Shortly after Mr. Hiatt returned from the California business meeting, he was fired.

Mr. Hiatt then filed this discrimination action in the superior court alleging violations of the State Law Against Discrimination (RCW 49.60), the federal civil rights act (42 U.S.C. § 2000e *et seq.*), Tacoma city ordinances, and the federal and state constitutions.

Walker Chevrolet denies that Mr. Hiatt was fired because of his religious beliefs and says, instead, that the reasons for firing Hiatt were as follows: his poor attitude; his inability to communicate with ownership and sales personnel; his failure to implement his sales plan for 1984; and his excessive absences from work. These reasons are disputed by Mr. Hiatt.

Walker Chevrolet moved for summary judgment of dismissal; the motion was granted and Mr. Hiatt's action was dismissed by the trial court.

On appeal to the Court of Appeals, the trial court was reversed. *Hiatt v. Walker Chevrolet Co.*, 64 Wn. App. 95, 822 P.2d 1235, *review granted*, 119 Wn.2d 1001 (1992). The Court of Appeals held that the elements of a cause of action for discrimination based on religious belief were those established by federal courts interpreting the federal law against discrimination. The Court of Appeals then held that Mr. Hiatt had established a prima facie case and that the remaining issues in the case were factual and could not properly be decided on summary judgment. We granted the employer's petition for review.

Two issues are presented.

ISSUES

ISSUE ONE. What is the correct legal standard to be applied in determining religious discrimination cases under federal and state law?

ISSUE TWO. Do issues of fact exist which preclude summary judgment in this case?

DECISION

ISSUE ONE.

CONCLUSION. Before determining whether a summary judgment was properly granted by the trial court in this case, we must decide what legal standard is applicable to religious discrimination actions. Because the issue is not adequately briefed, we decline to determine the elements of a claim for religious discrimination in employment based on the law of this state. Federal law, however, requires an employee claiming religious discrimination in employment to establish a prima facie case in order to defeat a motion for summary judgment. To prove a prima facie case under federal law the employee must present specific facts which show: (1) the employee has a bona fide religious belief that conflicts with a job requirement; (2) the employee notified the employer of the conflict; and (3) the employee was discharged because of his or her refusal to comply with the employment requirement.

Steven Hiatt, the employee who was discharged, alleged discriminatory treatment in violation of both state and federal law. After noting that this court has sometimes looked to federal law in interpreting the State Law Against Discrimination (RCW 49.60), the parties and the Court of Appeals assumed, without discussion or argument, that the federal and state law are substantially similar and that the standard for proving discrimination under both is the same.

In fact, federal and state law against religious discrimination in employment are significantly different. Federal law expressly imposes an affirmative duty upon an employer to accommodate the religious beliefs and practices of

its employees.[1] Washington law contains no such express requirement.

Our state statute (RCW 49.60.180) makes it an unfair practice for an employer:

> To discharge or bar any person from employment because of age, sex, marital status, race, *creed*, color, national origin, or the presence of any sensory, mental, or physical handicap.

(Italics ours.) RCW 49.60.180(2).

The guidelines developed by the State Human Rights Commission, the agency charged with enforcing the statute, do not address employer accommodation of religious beliefs.[2]

Title VII of the Civil Rights Act of 1964 is the federal counterpart to our state law. Enacted 15 years after Washington's Law Against Discrimination went into effect, the federal law provides that it is an unfair practice for an employer:

> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, *religion*, sex, or national origin; . . .

(Italics ours.) 42 U.S.C. § 2000e-2(a)(1).

Shortly after the federal statute was enacted, the Federal Equal Employment Opportunity Commission (EEOC) interpreted this section to impose a duty on the part of employers to accommodate the religious practices and beliefs of employees.[3] However, the extent of any such duty was unclear.[4] As a result of confusion on the issue, the federal statute was then amended in 1972 to include the following *definition* of religion:

> The term "religion" includes all aspects of religious observance and practice, as well as belief, unless an employer

---

[1] 42 U.S.C. § 2000e(j).

[2] *See* WAC Title 162.

[3] *See* 29 C.F.R. § 1605.1 (1967).

[4] *See Dewey v. Reynolds Metals Co.*, 429 F.2d 324, 334 (6th Cir. 1970), *aff'd by an equally divided court*, 402 U.S. 689 (1971).

demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business.

42 U.S.C. § 2000e(j).[5]

■ The Supreme Court in *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63, 75, 53 L. Ed. 2d 113, 97 S. Ct. 2264 (1977) stated that the definition of religion contained in 42 U.S.C. § 2000e(j) makes it clear that, under federal law, employers have a statutory duty to reasonably accommodate the religious practices of employees.

Whether the Washington statute may *implicitly* require accommodation is an important and complex question that we have not previously been asked to decide. Other states that have considered this issue with respect to their own statutes or constitutions have reached conflicting results.[6]

Strong arguments can be presented on both sides of the issue. Unfortunately, the parties in this case have not made any of these arguments to this court. Nor do the parties address the constitutional implications of a decision finding that employers have a duty to reasonably accommodate the various religious practices of their employees.[7]

---

[5]*See Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63, 73, 53 L. Ed. 2d 113, 97 S. Ct. 2264 (1977) (tracing the history of reasonable accommodation of religious practices under Title VII).

[6]The following courts held an implied duty to accommodate religious beliefs of employees existed under statutory or constitutional law: *Rankins v. Commission on Prof. Competence of Ducor Union Sch. Dist.*, 24 Cal. 3d 167, 593 P.2d 852, 154 Cal. Rptr. 907, *appeal dismissed*, 444 U.S. 986 (1979); *King v. Iowa Civil Rights Comm'n*, 334 N.W.2d 598 (Iowa 1983); *Wondzell v. Alaska Wood Prods., Inc.*, 583 P.2d 860 (Alaska 1978), *rev'd and remanded on rehearing*, 601 P.2d 584 (1979), *appeal dismissed sub nom. Lumber, Prod. & Indus. Workers Local 2362 v. Wondzell*, 444 U.S. 1040 (1980). The following courts held no such duty existed under their laws: *Olin Corp. v. Fair Empl. Practices Comm'n*, 34 Ill. App. 3d 868, 341 N.E.2d 459 (1976), *aff'd*, 367 N.E.2d 1267 (1977); *American Motors Corp. v. Department of Indus., Labor & Human Relations*, 101 Wis. 2d 337, 305 N.W.2d 62 (1981); *Corey v. Avco-Lycoming Div.*, 163 Conn. 309, 307 A.2d 155 (1972), *cert. denied*, 409 U.S. 1116 (1973).

[7]*Anderson v. General Dynamics Convair Aerospace Div.*, 648 F.2d 1247, 1248 (9th Cir. 1981), *cert. denied*, 454 U.S. 1145 (1982) and *Nottelson v. Smith Steel*

Without adequate briefing on this important issue, we decline to decide it.[8] Further, we specifically disapprove that portion of the Court of Appeals decision in this case which assumes that our state statute against discrimination based on creed is identical to the federal law.

The federal cause of action remains to be considered.

State courts have concurrent jurisdiction with federal courts over actions brought pursuant to Title VII of the Federal Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*[9]

Federal law makes it illegal for an employer to discharge, refuse to hire or to otherwise discriminate against an employee on the basis of religion.[10] As observed above, federal law places an affirmative duty on employers to reasonably accommodate the religious observances, practices and beliefs of their employees.[11]

■ The federal standard to be applied in religious discrimination cases is clear. Under federal law, in order to establish a prima facie case of discriminatory discharge based on religion, an employee must plead and prove:

1. The employee has a bona fide religious belief that conflicts with an employment requirement;

2. The employee informed the employer of the conflict; and

---

*Workers D.A.L.U. 19806*, 643 F.2d 445, 455 (7th Cir.), *cert. denied*, 454 U.S. 1046 (1981) found the duty to accommodate does not offend the establishment clause of the First Amendment. *Hudson v. Western Airlines, Inc.*, 851 F.2d 261, 265 (9th Cir. 1988) noted the federal law against discrimination "rides a fine line between the desire to eradicate religious discrimination, and the Establishment Clause's preclusion against the favoring of religious beliefs over other nonreligious beliefs." The constitutional issue has yet to be resolved by the Supreme Court.

[8]RAP 12.1(a); *State v. Mayes*, 20 Wn. App. 184, 194, 579 P.2d 999, *review denied*, 91 Wn.2d 1001 (1978).

[9]*Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 821, 108 L. Ed. 2d 834, 110 S. Ct. 1566 (1990).

[10]42 U.S.C. § 2000e-2.

[11]42 U.S.C. §§ 2000e(j), 2000e-2. *See also Trans World Airlines, Inc. v. Hardison*, 432 U.S. at 75.

3. The employee was discharged because of his or her refusal to comply with the employment requirement.[12]

If a prima facie case is established, the burden shifts to the employer to show that it attempted in good faith to accommodate the religious practices of the employee, thus discharging its statutory duty to the employee; or it may show that accommodation of the religious practice cannot be made without undue hardship on the business of the employer.[13]

With this federal standard in mind, we turn to the next issue — whether summary judgment for the employer was properly granted by the trial court in this case.

ISSUE TWO.

CONCLUSION. The employee failed to present evidence of facts establishing a prima facie case; summary judgment of dismissal was therefore properly granted.

██ Because this is an appeal from an order granting summary judgment, review is de novo and we engage in the same inquiry as the trial court.[14] The facts must be interpreted in the light most favorable to the nonmoving party.[15] Where a dispute as to a material fact exists, summary judgment is improper.[16] However, where reasonable minds could

---

[12]*Turpen v. Missouri-Kansas-Texas R.R.*, 736 F.2d 1022, 1026 (5th Cir. 1984); *Jenkins v. Louisiana*, 874 F.2d 992, 995 (5th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); *EEOC v. Arlington Transit Mix, Inc.*, 957 F.2d 219, 221 (6th Cir. 1991); *Brown v. General Motors Corp.*, 601 F.2d 956, 959 (8th Cir. 1979); *EEOC v. Hacienda Hotel*, 881 F.2d 1504, 1512 (9th Cir. 1989); *Toledo v. Nobel-Sysco, Inc.*, 892 F.2d 1481, 1486 (10th Cir. 1989), *cert. denied*, 495 U.S. 948 (1990). *See generally* 3 A. & L. Larson, *Employment Discrimination* ch. 19 (1987).

[13]*Ansonia Bd. of Educ. v. Philbrook*, 479 U.S. 60, 63 n.1, 93 L. Ed. 2d 305, 107 S. Ct. 367 (1986); *Turpen*, 736 F.2d at 1026; *Redmond v. GAF Corp.*, 574 F.2d 897, 901 (7th Cir. 1978); *Anderson v. General Dynamics Convair Aerospace Div.*, 589 F.2d 397, 401 (9th Cir. 1978), *cert. denied*, 442 U.S. 921 (1979).

[14]*Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982).

[15]*Douchette v. Bethel Sch. Dist. 403*, 117 Wn.2d 805, 809, 818 P.2d 1362 (1991).

[16]*See* CR 56(c); *Reese v. Sears, Roebuck & Co.*, 107 Wn.2d 563, 567, 731 P.2d 497 (1987); *Hibbs v. Abbott Labs.*, 62 Wn. App. 451, 456, 814 P.2d 1186 (1991), *review denied*, 118 Wn.2d 1011 (1992).

reach but one conclusion from the admissible facts in evidence, summary judgment is appropriate.[17] Although a party moving for summary judgment has the initial burden of showing there is no dispute as to any issue of material fact, once that burden is met, the burden shifts to the nonmoving party.

> If, at this point, the plaintiff [as nonmoving party] "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial", then the trial court should grant the motion. . . . "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."

(Citations omitted.) *Young v. Key Pharmaceuticals, Inc.*, 112 Wn.2d 216, 225, 770 P.2d 182 (1989) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986)).[18]

To overcome an employer's motion for summary judgment, the employee must do more than express an opinion or make conclusory statements.[19] The employee has the burden of establishing *specific and material facts* to support each element of his or her prima facie case.[20] Thus, the employee, Mr. Hiatt, was required to establish facts tending to show: (1) he had a bona fide religious belief that conflicted with an employment requirement; (2) he informed his employer of the conflict; and (3) he was fired because he refused to comply with the employment requirement.

Although Walker Chevrolet, the employer in this case, concedes that Mr. Hiatt had a bona fide religious belief, it

---

[17]*LaMon v. Butler*, 112 Wn.2d 193, 199, 770 P.2d 1027, *cert. denied*, 493 U.S. 814 (1989).

[18]*See also Michelsen v. Boeing Co.*, 63 Wn. App. 917, 920, 826 P.2d 214 (1991).

[19]*Grimwood v. University of Puget Sound, Inc.*, 110 Wn.2d 355, 359-60, 753 P.2d 517 (1988); *Curran v. Marysville*, 53 Wn. App. 358, 367, 766 P.2d 1141, *review denied*, 112 Wn.2d 1020 (1989).

[20]*See LaMon*, 112 Wn.2d at 197.

claims that he did not establish the remainder of the prima facie case. We agree.

Specifically, Mr. Hiatt failed to present evidence showing that either attendance at the training course or participation in the new age motivational program was a job requirement. He was thus unable to establish the crucial first element of a prima facie case.

When viewed in a light most favorable to the nonmoving party, Mr. Hiatt, the evidence shows that the new age motivational program was purchased by Walker Chevrolet at his urging. The employer's use of the program was intended to promote increased car sales. Nearly all of Walker Chevrolet's employees (including Mr. Hiatt) were enthusiastic about the program and wanted to participate, but Walker Chevrolet did not mandate participation in the training course or in the program. Mr. Hiatt voluntarily attended the training course. Further, when Mr. Hiatt asked Walker Chevrolet to cancel participation in the program, it did so immediately. Some time later, and after Mr. Hiatt's discharge, Walker Chevrolet sent other employees to the motivational program training seminars, but never did implement the program. The only reasonable conclusion that can be drawn from our review of this evidence is that neither attendance at the training session nor implementation of the program was a *requirement* of Mr. Hiatt's employment.

Mr. Hiatt thus did not establish the first element of his required prima facie case; his action was properly dismissed.

■ The remainder of Mr. Hiatt's claims were neither argued nor briefed on appeal, and thus are not considered.

The Court of Appeals is reversed and the trial court's summary judgment of dismissal is reinstated.

DORE, C.J., and UTTER, BRACHTENBACH, DOLLIVER, DURHAM, SMITH, GUY, and JOHNSON, JJ., concur.

Reconsideration denied November 24, 1992.