FILED

**NOT FOR PUBLICATION**

AUG 10 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRENT DEAN and MICHAEL WILSON, | No. 11-35583 |
| Plaintiffs - Appellants, | D.C. No. 2:10-cv-00277-MJP |
| v. | |
| AVIS BUDGET CAR RENTAL, LLC, dba Avis Budget Group, Inc, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, Chief District Judge, Presiding

Submitted August 8, 2012[**]
Seattle, Washington

Before: NOONAN, GRABER, and RAWLINSON, Circuit Judges.

In this diversity action, Plaintiffs Brent Dean and Michael Wilson seek

review of the district court's decision to grant summary judgment in favor of

Defendant Avis Budget Car Rental, LLC, on their state law retaliation claims and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

on Wilson's state law racial discrimination claim.[1]  We apply Washington law.

See Goldberg v. Pac. Indem. Co., 627 F.3d 752, 755 (9th Cir. 2010) ("[F]ederal

courts are to apply state substantive law and federal procedural law to diversity

cases.").  "We review de novo the district court's grant of summary judgment."

Rohr v. Salt River Project Agric. Improvement & Power Dist., 555 F.3d 850, 857

(9th Cir. 2009).  Using that standard, we affirm.

    1.  Plaintiffs' retaliation claims arise under the Washington Law Against

Discrimination ("WLAD"), Wash. Rev. Code §§ 49.60.010 to 49.60.505.

Relevant to this case, it is an unfair practice for an employer to discharge or

otherwise discriminate against a person "because he or she has opposed any

practices forbidden by this chapter."  Id. § 49.60.210(1).  Washington applies a

three-step burden-shifting analysis to retaliation claims.  Francom v. Costco

Wholesale Corp., 991 P.2d 1182, 1191 (Wash. Ct. App. 2000); see also Allison v.

Hous. Auth., 799 P.2d 1195, 1196 (Wash. Ct. App. 1990), aff'd, 821 P.2d 34

(Wash. 1991); Wilmot v. Kaiser Aluminum & Chem. Corp., 821 P.2d 18, 28–29

(Wash. 1991); Milligan v. Thompson, 42 P.3d 418, 424 (Wash. Ct. App. 2002)

---

[1] Dean also alleged racial discrimination at the district court, but he does not appeal the district court's summary judgment in favor of Avis on that claim.

(stating that <u>Wilmot</u>'s burden-shifting analysis applies to section 49.60.210 claims).

Even assuming that Wilson and Dean established a prima facie case of retaliation for purposes of summary judgment, the record evidence would not permit a reasonable trier of fact to find that Avis' proffered non-retaliatory reasons for terminating their employment were pretextual or that retaliation was a substantial factor in Avis' discharge of Dean and Wilson. Avis discharged Wilson for inappropriately abusive and discriminatory behavior, and it discharged Dean for failing to deal properly with complaints about Wilson's behavior. Among other factors, the record contains documentation that both Wilson and Dean were disciplined for similar problems well before they engaged in their putatively protected activities.

Moreover, Plaintiffs' evidence of pretext is very limited[2] and purely circumstantial, consisting almost entirely of the brief time between their putatively protected actions and their terminations. While such circumstantial evidence can be sufficient to establish a factual issue as to an employer's motive, <u>Francom</u>, 991

---

[2] Indeed, Plaintiffs do not even have the benefit of the most typical type of circumstantial evidence: a difference in race between themselves and the relevant decision-makers. Both Plaintiffs are white, as are the relevant managers and Plaintiffs' replacements.

3

P.2d at 1191, such evidence must be specific and substantial to demonstrate pretext. Milligan, 42 P.3d at 424 ("[W]hen the employee's evidence of pretext is weak or the employer's non-retaliatory evidence is strong, summary judgment is appropriate." (citing Hill v. BCTI Income Fund-I, 23 P.3d 440, 449 (Wash. 2001))).

2. Wilson's race discrimination claim also arises under the WLAD. That claim is essentially a disparate treatment claim, alleging that, when Wilson (who is white) complained of racial discrimination in his workplace, Avis treated his complaints differently than those of his black co-workers. Washington courts treat disparate treatment claims "according to the three-step, burden-shifting protocol articulated by the United States Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802–04 (1973)." Hegwine v. Longview Fibre Co., 172 P.3d 688, 696 (Wash. 2007). "[U]nder the framework established by McDonnell Douglas, the plaintiff has the initial burden of proving a prima facie case." Marquis v. City of Spokane, 922 P.2d 43, 52 (Wash. 1996). Essentially, a plaintiff must demonstrate membership in a protected class and that he or she was treated differently than similarly situated non-members of that class. Id.

As to Avis' investigations of his complaint, Wilson fails to establish a prima facie case of disparate treatment. The record shows that Avis took his complaints

4

seriously, responding quickly to start an investigation. When those investigations revealed significant allegations of Wilson's own inappropriate behavior—alleged by several of his co-workers and consistent with his previous misconduct—Avis acted properly in suspending Wilson pending further investigation of all complaints by and against him. The results of those two investigations were different, but that does not establish disparate treatment; rather, it establishes that Avis found Wilson's complaints to be less than credible than the conflicting accounts of his co-workers. Indeed, when faced with the two sets of complaints, Avis was required to choose one side over the other. Wilson cannot demonstrate disparate treatment simply because Avis consolidated the investigation and ultimately found him to be the source of the problems.

As to termination, even assuming that Wilson established a prima facie case of disparate treatment, he cannot demonstrate that Avis' reasons for terminating him were pretextual, as noted above. See Hegwine, 172 P.3d at 696 (establishing a burden shifting approach to disparate treatment claims, essentially identical to the approach outlined above with respect to retaliation claims).

3. To the extent that Plaintiffs allege disputes over other facts relating to their job performance or the timing of events, those facts are immaterial and do not preclude summary judgment in favor of Avis.

4.  The district court also properly denied Plaintiffs' motion for reconsideration.

**AFFIRMED.**