# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

ROBERT E. ORDAL, trustee of the Robert E. Ordal, PLLC profit-sharing plan; JOHN ORDAL, trustee of the Pulmonary Consultants, P.C. 401(k) profit sharing plan trust; BRAD DECKER and LAURA DECKER, husband and wife; JOY M. ORDAL, a single woman; VIRGINIA RYNING, a single woman; DAVID ORDAL, a married man as his separate estate; STUART WALKER, a married man as his separate estate; VIKING RETIREMENT ASSETS, custodian FBO Kit Wright IRA #004293; and RSH GRANT, INC., a Washington corporation,

Plaintiffs,

v.

FIRST AMERICAN TITLE INSURANCE COMPANY, a corporation,

Defendant,

BYONG JIK CHOI and IN SOOK CHOI, husband and wife,

Appellants,

CHRISTOPHER D. ADAMS and MEGAN E ADAMS, his wife, and the marital community comprised thereof; and ADAMS & DUNCAN, INC., P.S., a Washington professional services corporation,

Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 71832-1-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: June 8, 2015

2015 JUN -8 AM 8:55
COURT OF APPEALS DIV I
STATE OF WASHINGTON
FILED

APPELWICK, J. — The Chois appeal the summary judgment dismissal of their legal malpractice claim. Adams, an attorney, performed certain legal services for their son when he fraudulently borrowed money in their names secured by their commercial property. The Chois fail to identify a genuine issue of material fact for trial or a legal basis on which Adams owed them a duty of care as clients or non-clients. We affirm.

FACTS

Attorney Patrick Vail referred his client, Ron Choi ("Ron"), to attorney Christopher Adams of Adams & Dunn, P.S. After exchanging e-mail messages with Vail, Adams exchanged e-mails with Ron. Ron told Adams that his legal name was Byong Jik Choi and his wife's name was In Sook Choi and that they wanted to obtain a business loan secured by their commercial property. At Ron's request, Adams prepared four letters for two different lenders indicating that he "reviewed with Byong Jik Choi and In Sook Choi the use of loan proceeds," was "advised by Byong Jik Choi and In Sook Choi that all loan proceeds will be used for commercial and business investment purposes," and was "further advised that no portion of the loan proceeds will be used for personal, family or household purposes." Adams billed Ron, and Ron paid Adams for some of his work.

However, Byong Jik and In Sook Choi are actually Ron's parents. Ron is unmarried and has no ownership interest in his parents' commercial property. By presenting the letters prepared by Adams to lenders and forging his parents'

signatures on promissory notes and deeds of trust, Ron obtained loans of more than $550,000 and then fled to Canada.

The Chois sued Adams, asserting legal malpractice and a violation of the Washington Consumer Protection Act (WCPA), chapter 19.86 RCW. Adams moved for summary judgment dismissal of the Chois' claims, arguing they lacked standing to pursue a legal malpractice claim and they had not identified a genuine issue for trial as to whether they suffered damages in connection with their claim under the WCPA. The trial court granted Adams's motion and dismissed the Chois' claims. The Chois appeal the dismissal of their legal malpractice claim.[1]

## DISCUSSION

We review summary judgment orders de novo. Hadley v. Maxwell, 144 Wn.2d 306, 310-11, 27 P.3d 600 (2001). Summary judgment is appropriate only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); Peterson v. Groves, 111 Wn. App. 306, 310, 44 P.3d 894 (2002). When considering the evidence, we draw reasonable inferences in the light most favorable to the nonmoving party. Schaaf v. Highfield, 127 Wn.2d 17, 21, 896 P.2d 665 (1995). If a plaintiff fails to make a showing sufficient to establish the existence of an element essential to that party's case, summary judgment is appropriate. Hiatt v. Walker Chevrolet Co.,

---

[1] The Chois have filed a motion to supplement the record with various documents concerning separate claims asserted by another party. Because such documents are not directly relevant to our review of the order on appeal, we deny the motion.

120 Wn.2d 57, 66, 837 P.2d 618 (1992). We may affirm on any basis supported by the record. State v. Norlin, 134 Wn.2d 570, 582, 951 P.2d 1131 (1998).

Legal malpractice requires a showing of the existence of an attorney-client relationship giving rise to a duty of care on the part of the attorney to the client. Hizey v. Carpenter, 119 Wn.2d 251-61, 260, 830 P.2d 646 (1992). Although determining the existence of an attorney-client relationship involves questions of fact, summary judgment is proper if reasonable minds could reach but one conclusion. Bohn v. Cody, 119 Wn.2d 357, 363, 832 P.2d 71 (1992).

The existence of an attorney-client relationship "'turns largely on the client's subjective belief that it exists,'" as long as "'it is reasonably formed based on the attending circumstances, including the attorney's words or actions.'" Id. (quoting In re Disciplinary Proceeding of McGlothlan, 99 wn.2d 515, 522, 663 P.2d 1330 (1983)). The essence of the relationship "is whether the attorney's advice or assistance is sought and received on legal matters." Id.

Here, it is undisputed that the Chois did not believe that Adams represented them in any capacity. They did not seek or receive Adams's advice or assistance on any legal matter. Despite these facts and without citation to relevant authority or cogent argument, the Chois now claim that their subjective belief as to whether an attorney-client relationship existed is irrelevant. They assert it is enough that Adams believed he was representing them. This court generally will not consider arguments that are unsupported by pertinent authority or meaningful analysis. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d

4

801, 809, 828 P.2d 549 (1992) (arguments not supported by authority); Saunders v. Lloyd's of London, 113 Wn.2d 330, 345, 779 P.2d 249 (1989) (issues unsupported by adequate argument and authority); RAP 10.3(a).

Moreover, the Chois' characterization of the evidence in the record is inaccurate. Adams presented a declaration in support of his motion for summary judgment stating that he agreed to represent and provided legal services to Ron, referred to his client by the name provided by Ron, and "did not know that [Ron] had living parents." Nothing in the record suggests Adams believed that he represented anyone other than Ron and his wife, despite knowing them by other names. The Chois fail to identify any genuine issue of material fact for trial as to the existence of an attorney-client relationship between Adams and them.

In the alternative, the Chois argue Adams owed them a duty even in the absence of an attorney-client relationship. Although an attorney traditionally could be held liable for malpractice only to the attorney's own client, an attorney may owe a duty to a non-client under the six-element test of Trask v. Butler, 123 Wn.2d 835, 872 P.2d 1080 (1994). To determine whether an attorney owes the plaintiff a duty of care in a particular transaction, the court must determine:

1. The extent to which the transaction was intended to benefit the plaintiff;

2. The foreseeability of harm to the plaintiff;

3. The degree of certainty that the plaintiff suffered injury;

4. The closeness of the connection between the defendant's conduct and the injury;

5. The policy of preventing future harm; and

> 6. The extent to which the profession would be unduly burdened by a finding of liability.

Id. Under this test, "the threshold question is whether the plaintiff is an intended beneficiary of the transaction to which the advice pertained. While the answer to this threshold question does not totally resolve the issue, no further inquiry need be made unless such an intent exists." Id.

Again without citation to authority or the record, or reasonable analysis, the Chois claim that Adams intended to benefit them as "his believed actual clients." The record demonstrates that Ron asked Adams to prepare attorney letters to assist him in obtaining a business loan secured by his commercial property. Adams contends he did not know Ron had living parents or that he was using their names. There is no evidence that Ron's words or actions led Adams to believe that Ron's parents existed or would benefit from his services or that someone other than Ron and his wife owned the commercial property. Moreover, there is ample evidence indicating that Ron actually intended to defraud the Chois and the lenders in the transaction.[2] The Chois fail to identify any evidence suggesting that this "transaction was intended to benefit" them, and they cite no authority establishing that an attorney's duty to non-clients can extend to this situation. Id. The trial court properly dismissed the Chois' legal malpractice claim.

We affirm.

---

[2] Without citation to authority, the Chois suggest it would be "hypocritical" to determine that Adams owed them no duty when the trial court refused to dismiss a legal malpractice claim asserted against Adams by certain lenders based on the same transaction. As no other party's malpractice claims are properly before this court in this appeal, we do not address this argument.

WE CONCUR:

Appelwick, J.

Cox, J.